IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NEBRASKA JOHNSON,
MATTIE M. BROWN, EARLEEN SMITH
and LAURA NEAL                                                                    PLAINTIFFS

V.                                                         CAUSE NO.: 4:11CV070-SA-JMV

JEFFREY PAM, MISSISSIPPI NATIONAL GUARD,
THE NATIONAL GUARD, THE DEPARTMENT OF
THE NATIONAL GUARD, THE UNITED STATES
OF AMERICA and THE DEPARTMENT OF DEFENSE                   DEFENDANTS

MEMORANDUM OPINION

Plaintiffs filed suit damages seeking damages for injuries allegedly caused by a motor vehicle collision which occurred on June 9, 2009. The Mississippi National Guard (MSNG) seeks dismissal pursuant to the Eleventh Amendment [5]. The Department of Defense also seeks dismissal under the Federal Tort Claims Act [10]. Plaintiffs failed to respond to either motion. Because the MSNG is an arm of the State of Mississippi, that entity is immunized from suit. The Department of Defense is also dismissed, as the correct entity, the United States of America, is a named defendant.

On June 9, 2009, Plaintiffs were heading east on Highway 82 in Greenville, Mississippi, when Jeffrey Pam, operating a Mississippi National Guard vehicle, allegedly ran a stop light causing a collision.

The Mississippi National Guard seeks dismissal as a party defendant pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). The court may find that it lacks subject matter jurisdiction in any one of three ways: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 160 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof for a Rule 12(b)(1) motion. Id. Ultimately, a Rule 12(b)(1) motion should be granted only if it appears that the plaintiff will be unable to prove any set of facts in support of his claim which would entitle him to relief. Id.

The Mississippi National Guard asserts that it is an arm of the State of Mississippi and immunized from suit pursuant to the Eleventh Amendment. In support of its contention, the MSNG has submitted three affidavits, which the Court has considered.

It is well-established that the Eleventh Amendment to the Constitution bars suit against a state by its own citizens as well as by citizens of other states. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). The immunity extends to state agencies, officials, and employees when "the state is the real, substantial party in interest." Id. (quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464, 65 S. Ct. 347, 89 L. Ed. 389 (1945)); see also Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294 F.3d 684, 688-89 (5th Cir. 2002) (noting that Eleventh Amendment sovereign immunity has been extended to state agencies or other political entities that are deemed the "alter egos" or "arms" of the state). The state has been deemed a real party in interest when a judgment will be paid from the state treasury. See Minton v. St. Bernard Parish Sch. Bd., 803 F.2d 129, 131-32 (5th Cir. 1986); Black v. N. Panola Sch. Dist., 461 F.3d 584, 596 (5th Cir. 2006) ("[T]he fundamental purpose of the Eleventh Amendment [is] protecting state treasuries . . . .").

The Mississippi National Guard is a state military force under the command of the Governor of Mississippi, unless called into federal service by the President of the United States. See 32 U.S.C. § 101(4) and 10 U.S.C. §101(c)(2) (defining "Army National Guard" as an

2

"organized militia of the several States and Territories . . ."); MISS. CODE ANN. § 33-7-7; MISS. CODE ANN. § 11-46-9 (exempting suits under the Mississippi Tort Claims Act against the Mississippi National Guard where "such claim accrues as a result of active federal or state service . . ."); see also Maryland v. United States, 381 U.S. 41, 46, 85 S. Ct. 1293, 14 L. Ed. 2d 205 (1965) (recognizing the national guard as a "militia, in modern-day form, that is reserved to the states by Art. 1 § 8, cls. 15, 16 of the Constitution"). "In each state the National Guard is a state agency, under state authority and control. At the same time, federal law accounts, to a significant extent, for the composition and function of the Guard. Accordingly, the Guard may serve the state in times of civil strife within its borders while also being available for federal service during national emergencies." Knutson v. Wisconsin Air Nat. Guard, 995 F.2d 765, 767 (7th Cir. 1993).

The Fifth Circuit has affirmed the grant of Eleventh Amendment immunity to the Mississippi Air National Guard where the district court found that entity to be a state agency. Bryant v. Military Dep't, 597 F.3d 678, 684, 685 (5th Cir. 2010); Lipscomb v. FLRA, 333 F.3d 611, 613-14 (5th Cir. 2003) (noting that the daily operations of the national guard are under the control of the states). In addition, numerous other courts have found that state Guards, their Adjutants General, and military departments enjoy full immunity under the Eleventh Amendment. See Knutson, 995 F.2d at 768 (extending Eleventh Amendment immunity to the Wisconsin Air National Guard); Hefley v. Textron, Inc., 713 F.2d 1487, 1493 (10th Cir. 1983) (Kansas National Guard "[i]s not independent of the State of Kansas; rather, it is an arm of the state and entitled to any immunity which the state possesses"); Hefrich v. Penn. Dep't of Military Affairs, 660 F.2d 88, 90 (3d Cir. 1981) (military department immune under the Eleventh

3

Amendment); Henry v. Textron, Inc., 577 F.2d 1163, 1164 (4th Cir. 1978) (Virginia National Guard immune under the Eleventh Amendment).

The Court finds the above-cited authority to be persuasive. Because a judgment against the Mississippi National Guard would necessarily impact the treasury funds of the State of Mississippi, the Court finds the Mississippi National Guard to be an arm of the state and thus, entitled to sovereign immunity. Accordingly, Plaintiffs' claims against the Mississippi National Guard are dismissed.[1]

The Department of Defense (DOD) also seeks dismissal under the Federal Tort Claims Act as it contends it is not a proper party. Pursuant to that statute, the DOD asserts that a plaintiff cannot sue in tort a federal agency. Indeed, under the FTCA, individual agencies are not proper party defendants. See 28 U.S.C. § 2679(a) ("[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable [where the United States is a defendant]"); Galvin v. Occupational Safety and Health Admin., 860 F.2d 181, 183 (5th Cir. 1981) ("an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction"). As the only proper defendant in this cause is the United States of America, Plaintiffs' claims against the Department of Defense are hereby dismissed with prejudice.

*Conclusion*

As the Mississippi National Guard is an arm of the State, Eleventh Amendment sovereign immunity extends to that entity, and Plaintiffs' claims against the MSNG, The National Guard, and the Department of the National Guard, are hereby dismissed. Moreover, the Department of

---

[1] The Defendants assert that there is no such entity known as "The National Guard," nor is there a "Department of the National Guard." To the extent that Plaintiffs offered no rebuttal to this assertion, those entities are also dismissed as party defendants.

Defense is not a proper party to the Federal Tort Claims Act; therefore, that defendant is dismissed as well.

SO ORDERED, this the 7th day of March, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**